UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VICTORIA M. SMITH, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) No. 3:12-cv-944 |
| v. | ) Judge Sharp |
| WAVERLY HEALTH CARE AND REHABILITATION CENTER, INC., | )<br>) |
| Defendant. | ) |

**MEMORANDUM**

Pending before the Court in this unpaid minimum wage and overtime action is Plaintiff's Motion for Expedited Court Supervised Notice (Docket No. 11), which the Court takes as a motion requesting conditional certification to proceed under the collective action provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b), and requesting approval of Plaintiff's proposed notice (Docket No. 12-1). Defendant responds that Plaintiff's requests should be denied because she has failed to show that "similarly situated" employees exist. (Docket No. 16 at 3-6). Moreover, Defendant argues that Plaintiff has failed to demonstrate a need for "expedited" notice and objects to certain details of the proposed notice prepared by Plaintiff. *Id.* at 6-8.

**I.    Conditional Certification of Collective Action**

By its terms, § 216(b) allows a plaintiff to sue on behalf of herself and "similarly situated" persons who have consented in writing to becoming a plaintiff. Courts typically use a "two-phase inquiry" to determine "whether proposed co-plaintiffs are, in fact, similarly situated for the purposes of the statute's requirements." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). In the first "notice" phase at the beginning of discovery, the "plaintiff must

1

show only that '[her] position is similar, not identical, to the positions held by the putative class members.'" *Id.* at 546-47 (citation omitted). To satisfy this "fairly lenient standard," Plaintiff must at most make a "modest factual showing" that she and potential co-plaintiffs are similarly situated with respect to the conduct alleged in the complaint.[1] *See id.* at 547 (internal citations and quotations omitted). "At this stage the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Brasfield v. Source Broadband Services, LLC*, 257 F.R.D. 641, 642 (W.D. Tenn. 2009). It typically results in conditional certification of a representative class. *Comer*, 454 F.3d at 547 (internal citations and quotations omitted). The notification decision is committed to the Court's discretion, *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989), and is a conditional order subject to later revision, *Comer*, 454 F.3d at 546 (noting that at the second phase, the Court has more evidence and uses a stricter standard to evaluate whether co-plaintiffs are indeed "similarly situated").

Plaintiff has submitted one declaration, in which she stated that she was personally aware of approximately 16 other fulltime, non-PRN ("as needed") nurse's assistants who regularly worked overtime at Defendant's facility in Waverly, Tennessee. (Docket No. 13-1 at 1). She stated that she did not receive overtime pay for all hours worked over 40 hours in a workweek, and that she has personal knowledge that others among the group of certified nurse's assistants similarly did not receive the full amount of overtime pay they were owed. *Id.* at 2. Defendant argues that this declaration is insufficient evidence of a "common policy or plan that violated the law" to warrant conditional certification. (Docket No. 16 at 4-5); *Coats v. Nashville Limo Bus, LLC*, 3-10-0759, 2011 WL 308403 (M.D. Tenn. Jan. 27, 2011); *but see O'Brien v. Ed Donnelly*

---

[1] In the absence of appellate guidance, "[s]ome courts hold that a plaintiff can demonstrate that potential class members are 'similarly situated,' for purpose of receiving notice, based on solely upon allegations in a complaint of class-wide illegal practices." *Sniffen v. Spectrum Indus. Services*, No. 2:06-cv-622, 2007 WL 1341772, at *1 (Feb. 13, 2007) (citing *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Plaintiff has also satisfied that standard here.

2

*Enterprises, Inc.*, 575 F.3d 567, 584-85 (6th Cir. 2009) (noting that "[s]howing a 'unified policy' of violations is not required . . ." and that conducting a Rule 23 predominance analysis "can result in a standard that is more demanding than what the statute requires") (citation omitted).

Without a doubt, Plaintiff has presented the Court with only a bare minimum of evidence to establish "some factual basis from which [it] can determine if similarly situated potential plaintiffs exist." *Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574, 577 (N.D. Iowa 2005). Nonetheless, the Court finds that Plaintiff's personal knowledge of other similarly classified, fulltime employees who performed "essentially the same basic job duties in assisting [D]efendant's nurses" at the Waverly facility constitutes the "modest factual showing" warranting conditional certification and notice to potential co-plaintiffs. When evaluating Plaintiff's testimonial evidence of similarly situated co-plaintiffs, the Court is mindful of the three factors typically considered in the second phase of the § 216(b) certification analysis: "(1) the disparate factual and employment settings of the individual plaintiffs, such as a) job duties; b) geographic location; c) supervision; and d) salary; (2) the various defenses available to defendant that appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Johnson v. Koch Foods, Inc.*, 657 F. Supp. 2d 951, 954 (E.D. Tenn. 2009); *see* 7B Wright, Miller, & Kane, *Fed. Practice and Procedure* § 1807 (3d ed. 2005). The instant case involves a single defendant, employment setting, and job classification, and, presumably, a modest number of co-plaintiffs who are eligible to opt in. If notice and discovery later establish that collective action treatment is not in fact appropriate, the conditional class can be decertified at the second, "much more stringent" phase of the § 216(b) analysis. *See White v. MPW Indus. Services, Inc.*, 236 F.R.D. 363, 367 (E.D. Tenn. 2006).

Based on the Plaintiff's declaration, then, and weighing the "broad remedial goal of the statute" against the minimal burdens posed by conditional certification, the Court will conditionally certify a collective action. *See Hoffmann-La Roche*, 493 U.S. at 173.

## II. Notice to Potential Plaintiffs

After reviewing both parties' submissions, the Court will approve <u>Defendant's</u> proposed notice[2] (Docket No. 16-3) and Plaintiff's consent form (Docket No. 1-1) with the following modification: the opt-in period will be sixty (60) days.

Within the time limits specified in the accompanying Order, the parties will take the following actions:

- Defendant will furnish Plaintiff with an electronic copy of its proposed notice, modified as described above;

- Defendant will furnish to Plaintiff the names, dates of employment, and last known addresses of all current and former non-PRN, fulltime certified nurse's assistants who worked for Defendant in the preceding three years;

- Plaintiff will send by regular first class United States mail copies of the notice and consent form to all current and former non-PRN, fulltime certified nurse's assistants who worked for Defendant in the three years preceding the issuance of the notice.

- The 60-day opt-in period will commence upon the date printed on the notice, which must also be the date the notice is actually mailed.

Further instructions and deadlines are included in the Order accompanying this Memorandum.

---

[2] Plaintiff's motion and the accompanying memorandum contradict each other as to which employees should receive notice. (*See* Docket Nos. 11 at 1 ("certified nurse's assistants") and 12 at 1 ("all employees")). Because Plaintiff testified only to her knowledge that fulltime, non-PRN certified nurse's assistants worked unpaid overtime (Docket No. 13-1), the Court preliminarily finds that they are similarly situated for purposes of receiving notice.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion will be GRANTED IN PART as modified by the Court, and this case will be conditionally certified to proceed as a collective action under 29 U.S.C. § 216(b). The parties will take certain additional steps to facilitate the court-supervised notice process.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE